

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:10CR59-1 |
| v. | : | |
| | : | Amended |
| NATHANIEL LEON PHILLIPS | : | PLEA AGREEMENT |

NOW COMES the United States of America, by and through Anna Mills Wagoner, United States Attorney for the Middle District of North Carolina, and the defendant, NATHANIEL LEON PHILLIPS, in his own person and through his attorney, Eddie H. Meacham, and state as follows:

1. The defendant, NATHANIEL LEON PHILLIPS, is presently under Indictment in case number 1:10CR59-1, which in Counts One and Two charge him with violations of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), possession of child pornography; and which in Count Three charges him with a violation of Title 18, United States Code, Sections 2252A(a)(1) and (b)(1), transporting child pornography.

2. The defendant, NATHANIEL LEON PHILLIPS, will enter a voluntary plea of guilty to Count Three of the Indictment herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to him by his attorney.

a. The defendant, NATHANIEL LEON PHILLIPS, understands that the maximum term of imprisonment provided by law for Count Three of the Indictment is not less than five years and not more than twenty years, and the maximum fine for Count Three of the Indictment is $250,000, or both. The fine is subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine." ~~The defendant, NATHANIEL LEON PHILLIPS, also understands that the Court may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release of not more than three years after imprisonment, pursuant to Title 18, United States Code, Section 3583.~~ [handwritten initials]

b. The defendant, NATHANIEL LEON PHILLIPS, further understands that upon the acceptance by the Court of a guilty plea to Count Three of the Indictment herein, he could be subject to the enhanced penalty provisions of Title 18, United States Code, Section 2252A(b)(1) at the time of sentencing if he has a prior conviction under chapter 110, chapter 71, chapter 109A, Chapter 117, Section 1591, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography or sex trafficking of children. If the Court determines that the defendant has one of the

2

qualifying convictions, the term of imprisonment shall be not less than 15 years and not more than 40 years.

c. The defendant, NATHANIEL LEON PHILLIPS, also understands, as to Count Three, that any sentence imposing a term of imprisonment shall impose a term of supervised release of at least five years and up to life in addition to such term of imprisonment, pursuant to Title 18, United States Code, Section 3583(k).

d. The defendant, NATHANIEL LEON PHILLIPS, also understands that the Court shall order, in addition to any other criminal penalty authorized by law, that the defendant make restitution, pursuant to Title 18, United States Code, Section 2259, to any victim of the offense charged in Count Three of the Indictment.

e. The defendant, NATHANIEL LEON PHILLIPS, further understands that the sentence to be imposed upon him is within the discretion of the sentencing Court subject to the statutory maximum and mandatory minimum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will

consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to Count Three of the Indictment herein, the defendant, NATHANIEL LEON PHILLIPS, knowingly waives and gives up his constitutional rights to plead not guilty, to compel the United States to prove his guilt beyond a reasonable doubt, not to be compelled to incriminate himself, to confront and cross-examine the witnesses against him, to have a jury or judge determine his guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, NATHANIEL LEON PHILLIPS, is going to plead guilty to Count Three of the Indictment herein because he is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. Upon the acceptance by the Court of a guilty plea by the defendant, NATHANIEL LEON PHILLIPS, to Count Three of the Indictment herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not oppose a motion to dismiss the remaining counts of the Indictment as to the defendant, NATHANIEL LEON PHILLIPS. This portion of the Plea Agreement is

4

made pursuant to Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure.

  b. It is understood that if the Court determines at the time of sentencing that the defendant, NATHANIEL LEON PHILLIPS, qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

6. With regard to forfeiture, the defendant, NATHANIEL LEON PHILLIPS, agrees as follows:

  a. One PlayStation Portable (PSP) handheld game console, serial number PP108720909-PSP1001;

  b. One black, custom-made tower-style computer, serial number AMDBBODT 252.40;

  c. One Quantum Fireball hard drive, serial number 345813134398;

  d. One IBM hard drive, serial number WFGC3106;

  e. One Simple Tech flash drive, serial number 0604516556;

  f. One 256MB flash drive, gray and black in color, serial number JDS2564052OH;

5

g. One NEO 128MB flash drive;

h. One Gateway laptop computer, serial number BS400091449;

i. Fifty-eight (58) 'floppy disk' 3-1/2 inch storage disks, of various colors;

j. Twenty-three (23) compact disks, found in a nylon case;

k. One Dell laptop computer, model XPSM 140 serial number 6BJQN91.

The defendant acknowledges that his interest in the foregoing property is subject to forfeiture because said property was used and intended to be used for the purposes of transporting and possessing child pornography as set forth in Count Three, to which the defendant agrees to plead guilty.

      b. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

c. The defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of assets. The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment.

7. It is further understood that the United States and the defendant, NATHANIEL LEON PHILLIPS, reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8. The defendant, NATHANIEL LEON PHILLIPS, further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $100 for each offense to which he is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. No agreements, representations, or understandings have been made between the parties in this case other than those which

are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 23rd day of ~~March~~ April, 2010.

_____  
ANNA MILLS WAGONER  
United States Attorney

_____  
ANAND P. RAMASWAMY  
NCSB # 24991  
Assistant United States Attorney

    P. O. Box 1858  
    Greensboro, NC  27402

    336/333-5351

_____  
EDDIE H. MEACHAM  
Attorney for Defendant

_____  
NATHANIEL LEON PHILLIPS  
Defendant

8

Case 1:10-cr-00059-TDS   Document 11   Filed 05/03/10   Page 8 of 8