IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | 1:10CR59-1 |
| | : | |
| NATHANIEL LEON PHILLIPS | : | |

RESPONSE BY UNITED STATES IN OPPOSITION TO DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISION

NOW COMES the United States of America, by and through Sandra J. Hairston, United States Attorney for the Middle District of North Carolina, and responds in opposition to Defendant Nathaniel Leon Phillips motion for early termination of supervised release. (ECF No. 21).

On February 22, 2010, the federal grand jury sitting in Greensboro, North Carolina, returned a three-count indictment against Defendant Phillips charging him with two counts of possession of child pornography in violation of 18 U.S.C. §§ 2252(A)(5)(B) and (B)(2), and one count of transporting child pornography in violation of 18 U.S.C §§ 2252A(a)(1) and (B)(2). (ECF No.1)

On May 3, 2010, pursuant to a written plea agreement, Defendant Phillips pleaded guilty to one count of transporting child pornography. (ECF No. 11; Minute Entry of 5/3/10). On October 8, 2010, the Court sentenced Phillips to 97 months of imprisonment followed by 15 years of supervised

release. (ECF No. 19). Phillips was released to supervised release on April 14, 2017, such release currently scheduled to terminate on April 13, 2032. (ECF No. 22 at 2). On February 23, 2022, Phillips filed the instant motion for early termination of supervised release. (ECF. No. 21). The United States Probation Office objects to early termination of Phillips' supervised release. (Sealed ECF. No. 22). The government also objects to early termination of Phillips' supervised release.

DISCUSSION

Under the provisions of 18 U.S.C. § 3583(e), a district court has the discretion to terminate a defendant's term of supervised release at any time after completion of one year of supervision, if, after considering the pertinent factors set forth in 18 U.S.C. § 3553(a), the court finds that termination is warranted by the conduct of the defendant and the interest of justice. *United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999). Early termination may be justified where the defendant has demonstrated "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

2

Here, Phillips is statutorily eligible for early termination, having now completed approximately 6 years of the 15 years of supervision imposed. (ECF. No. 22 at 2). The United States Probation Office is precluded from recommending early termination for any sex offender pursuant to the Early Termination Guidelines adopted by the Judicial Conference in the Guide to Judiciary Policy, Vol. 8, Part E, Sec. 360.20. Furthermore, the Probation Office also expresses concern that Phillips has not provided his probation officer with access to the results of mental health treatment and assessments which is a condition of his supervised release. (*Id.).* Phillips has further declined to submit to a polygraph test as directed by his probation officer stating that he was not required to submit to a third polygraph test. (*Id.).*[1]

The government strongly objects to Phillips' request for termination of his supervised release approximately nine years early. It is not in the interest of justice to terminate supervised release where Phillips has refused the Probation Office access to his mental health records and declined a further polygraph. While the Probation Office rightfully gives Phillips credit for his devotion as a caretaker to his parents, it is not in the interests of justice, or the safety of the community, to release Phillips from supervision where he is

---

[1] According to the Probation Office two previous polygraph tests had resulted in readings of Phillips being non-deceptive.

3

failing to provide necessary mental health information to the Probation Office. If anything, the issue appears to be whether Phillips has violated his supervised release, not whether such release should be terminated early.

Therefore, the government objects to Defendant's motion for early termination of supervised release.

This the 11th day of April, 2023.

Respectfully submitted,

SANDRA J. HAIRSTON
United States Attorney


/S/ FRANK JOSEPH CHUT, JR.
Assistant United States Attorney
NCSB #17696
United States Attorney's Office
Middle District of North Carolina
101 S. Edgeworth St., 4th Floor
Greensboro, NC   27401
Phone:   336/333-5351

4

<u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on April 11, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system and I will mail this filing to the following non-CM/ECF participant:

Nathaniel Leon Phillips
129 Nathan Rd.
Carthage, NC 28327

                              /S/ FRANK JOSEPH CHUT, JR.
                              Assistant United States Attorney
                              NCSB #17696
                              United States Attorney's Office
                              Middle District of North Carolina
                              101 S. Edgeworth St., 4th Floor
                              Greensboro, NC   27401
                              Phone:   336/333-5351